# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

Warden KEVIN MAYFIELD; JANE DOE; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, Agency of State of Texas; BRAD LIVINGSTON,
Executive Director, Texas Department of Criminal Justice; Major WATSON;
BILLY HIRSCH, Senior Warden; Lieutenant BOLTON; AMERICAN
CORRECTIONAL ASSOCIATION; Lieutenant SPIVEY; JACQUILLE REED;
VICTOR ROSS,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3260

Before REAVLEY, DENNIS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Troy McClure, Texas prisoner # 1420457, while housed in the
Wynne Unit of the Texas Department of Criminal Justice, Correctional
Institutions Division (TDCJ-ID), filed a 42 U.S.C. § 1983 complaint against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

warden, the "safe prison" officer, and the TDCJ-ID.  After the district court revoked McClure's in forma pauperis (IFP) status, it granted these defendants' motion to dismiss and denied McClure's motions to amend his complaint.

McClure argues that the district court abused its discretion by revoking his IFP status and dismissing his case because the filing fee was not paid. Although there is no indication in the record that McClure paid the filing fee, there is also no indication that the district court dismissed the complaint for failure to pay the fee.  Accordingly, we do not address whether the district court erred in revoking McClure's IFP status.

The district court dismissed the claims against the defendants due to various legal doctrines and on Eleventh Amendment immunity.  McClure's failure to brief the validity of those grounds abandons his challenge to the district court's grant of the motion to dismiss.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

McClure argues that the district court abused its discretion by denying his motion to amend the complaint that he filed on April 4, 2013.  We do not address this argument.  In his motion for an extension of time to respond to the defendants' motion to dismiss, McClure specifically asked the court to "disregard all motions to amend [his] complaint" and stated, "I withdraw the motions to amend the complaints."

The judgment is AFFIRMED.  McClure's motion to strike the appellees response brief as untimely is DENIED.  Appellees received an extension for filing until September 9, 2014, and their brief was filed that day.  McClure's motion to accept his reply brief is GRANTED.   That brief was considered.